Thank you so much. Good morning. Good morning, Your Honor. May it please the Court. Your Honors, at Jonathan Larmore's trial, an attorney named James Siegel testified about legal advice he gave Mr. Larmore, instructing him that his conduct was illegal. And to be clear, Mr. Larmore objected to that evidence. The government, in its motion, or its response to our motion, talks a lot about waiver. But they don't acknowledge that Mr. Larmore had already objected to the jury hearing from Mr. Siegel at all, on the grounds of privilege. Testimony of that attorney... Is it wrong then that there was a motion initially to allow him to obtain the testimony of his lawyers to show that he actually acted in good faith? Did he ever take that position? He took the position that certain communications pre-retention of those attorneys should be admitted into evidence. And he took that position in the context of a motion in limine, as I understand. That's correct, Your Honor. So when you do that, when you open yourself up and ask for, in the context of a motion in limine, to permit your attorneys to admit communications with your attorneys, why isn't it the case that the government can't... Why doesn't that open the door to the government abusing the same communications or cross-examining or examining the same attorneys? Well, there's a difference, Your Honor, in the context particularly of a criminal trial, of limited communications with attorneys being admitted into the record and the prior attorneys of that defendant being called to the stand and testifying against him. Particularly when they're testifying, elicited by the prosecutor, about their legal advice and ultimately the defendant's rejection of that legal advice and that attorney's legal opinion that that constitutes securities fraud. I mean, it's highly prejudicial, and that's something that... Well, the opinion that was, I think, unfortunately admitted was struck. Is that correct? It was, Your Honor. And it was then the subject of an instruction. Is that also correct? It is, Your Honor. It was also, though, referenced by the prosecutors in the closing argument twice. So what happened was they did... What happened was that Mr. Larmore's former attorney said, quote, you know, he had told... Well, he told Mr. Larmore that his conduct was illegal, and Mr. Larmore did not follow that advice. So do you have a problem with that testimony? Well, I do. I have a problem with it. But the reason that your client asked for or moved in limine to permit certain testimony from his prior attorneys was to show his good faith, correct? I believe it was, Your Honor. So doesn't that testimony from a prior attorney directly rebut this claim of good faith? That testimony taken on its own does rebut my client's assertions regarding his good faith. I agree with that. The question I was responding to, Your Honor, is regarding waiver. And I think there's no question that he did not want his attorneys to take the stand. I don't think he waived that issue. That was not a tactical decision. So can I ask? I think the terminology is important, both in terms of what we write and also how we think about it. Is there any distinction that you think is material, and I know you would dispute that neither of these happened, but should we be thinking about this as waiver or forfeiture? I think that's actually a very important distinction, Your Honor, because forfeiture is when you inadvertently fail to raise an issue or object to an issue. Waiver is where you make some tactical decision to essentially pursue one course of action and then you're taking a different course here. It's funny. I've never heard counsel describe forfeiture as an inadvertent as opposed to also a choice made, but one that didn't go through this whole process of being knowing and waiving. We don't know why they did it, and we don't assign it. So to the extent to which that you think it is inadvertent, that would be helpful for you to explain to me on the basis of what, like what authority? I'm thinking about the Sproul case, Your Honor, and in that case this court did distinguish forfeiture from waiver. I thought that was instructive. And there the court described, this court described forfeiture as the defendant, due to mistake or oversight, failing to assert an objection, whereas examples of waiver are making a tactical decision not to object, actively soliciting a course of action, withdrawing an objection in district court deliberately where you originally had an objection and you made a conscious decision. Was there argument that it was forfeited but not waived, or would you say it was neither? What I would say it was neither because he made the decision to, he believed, his attorneys had a mistaken legal belief, that pre-retention communications were not privileged. And that was a mistake of law on their part. Ultimately, the district court found that that constituted a waiver, also found that that meant that they had essentially waived privilege and that gave the government free reign to do what it wanted to do. It was just a question that Mr. Larmore did not want his attorneys testifying against him. In any event, so that's one argument in connection with your request for bail pending appeal. And you have two other quick arguments. I'll let you just quickly mention those. I understood, Your Honor. I mean, there was also, of course, a text message that was introduced that contained an erroneous legal opinion that was introduced and that, I would say, also had a substantial impact in the trial. Your Honor, I just, you know, the legal advice here was argued by the government at closing argument. It became the central point of the government's case. I really think that represents a substantial question. The fineries of forfeiture and waiver don't need to be determined here. All that we need to determine is that there's a substantial question, and I think there was. Thank you very much. We'll hear from the government. May it please the court. My name is Justin Rodriguez, and I represent the United States on this appeal, as I did at trial before the district court. Judge Engelmeyer did not err when denying bail pending appeal. All of the defendant's arguments regarding the lawyer's testimony are truly and clearly waived. And his lead argument is audaciously wrong, to use Judge Engelmeyer's words. The record of the waiver here is a little bit more than what the court explored with the appellant during his opening. If I may, I think let's just assume for a second that I disagree with you about the waiver. Is there any cause to consider evidence that is just so prejudicial that it cannot be unwrung with a curative instruction? And what would be the reason why this wouldn't be that case, if you would concede, which I hope you would, that there's some evidence that just can't be cured? Right. So I believe Your Honor is focusing on the struck testimony. In other words, the error here not being calling the lawyers at all, the error not being the portion of their testimony that was unobjected to, but rather the struck testimony. Without question, the government believes that that testimony was properly struck. The question then becomes, what is the additional relief that the defendant is entitled to? And here, Judge Engelmeyer was so careful, he was so thoughtful, he not only emphatically told the jury to disregard it, he not only gave a limiting instruction or a curative instruction, which Mr. Larmor's counsel said was fine, but he expressly invited Mr. Larmor to invite him to do something else. And here's the key part of the transcript, which is at page 538. Judge Engelmeyer said, quote, I think I've cured the problem. And the defense, after caucusing with their client, said, quote, I think you have too, Judge. At no point did Mr. Larmor move for a mistrial or seek any other relief or say, Judge, this conviction has to be vacated because of that struck testimony. In one sense, I think what you're arguing, certainly what I suspect, is that they have waived this argument as well. They have waived the living daylights out of this argument, Judge. But I want to answer your question, Your Honor, which is, putting aside waiver. I didn't say living daylights, by the way. I just said waived. Yes, Your Honor. Again, I was borrowing another phrase from Judge Engelmeyer. But even if you put aside the waiver argument, then the question becomes, did Judge Engelmeyer commit plain error by not sua sponte declaring a mistrial after Larmor's counsel agreed with him that he had cured the problem? And the answer to that is no, he did not commit such plain error. First of all, this court does presume that jurors follow the instructions that they are given. Also, the appellant was incorrect when he said that the government came back to this testimony in closing argument. That is not correct. The government never directed the jury's attention back to this testimony. It only directed the jury's attention. When you say this testimony. The classic stock manipulation and securities fraud testimony that was struck. OK, the struck testimony. Instead, what the government did was it directed the jury's attention to the testimony. I don't think you can do that, which was proper, which was unobjected to by by Mr. Larmor when it came in.  So, Your Honor, that's how I think the court would look at this. If it didn't want to tackle the waiver issue, it would have to ask whether Judge Engelmeyer committed plain error by not sua sponte imposing the drastic remedy of a mistrial. And again, this is, I think, for purposes of the bail motion. Mr. Larmor did not raise this classic stock manipulation and securities fraud argument in his bail pending appeal motion before Judge Engelmeyer. So this court reviewing the bail motion under Rule 9B of the Federal Rules of Appellate Procedure really shouldn't even reach that argument at all. Your honors. I just wanted to complete the record on calling these attorneys at all. I think my friend on the other side said Mr. Larmor made quite clear that he did not want these attorneys testifying at all. The record is to the contrary. Not only did he file the motion in limine, Judge Lohier, that you described, but the government put in a letter, and this is at docket number 72, saying it would call these witnesses and here's what their testimony was going to be. And no objection? Judge Engelmeyer ordered them to respond. They didn't respond, but he went a step further. He said, Mr. Larmor, to his counsel, you didn't respond to this letter, which I get because the testimony is obviously proper. But he said, I didn't want anything left unsaid. And at that point, Larmor's counsel expressly told Judge Engelmeyer, and this is docket 92 of 24, that he had, quote, no problem with the government calling these witnesses. So it is simply not true that Mr. Larmor made clear that he did not want these witnesses to testify. Thank you so much. We'll reserve the decision. Thank you.